UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:23 CR 51-MOC |
| ) | |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| ) | Violations: |
| MARTIN ALBERTO TORRES-GOMEZ ) | 21 USC § 841(a)(1) |
| a/k/a "Francisco Hernandez Torres" ) | |
| ) | |

## THE GRAND JURY CHARGES:

### COUNT ONE

On or about October 13, 2022, in Mecklenburg County, within the Western District of North Carolina,

**MARTIN ALBERTO TORRES-GOMEZ**
**a/k/a "Francisco Hernandez Torres"**

did knowingly and intentionally distribute a quantity of methamphetamine, a Schedule II controlled substance.

1. Said offense involved at least 50 grams of "actual" methamphetamine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

### COUNT TWO

On or about November 7, 2022, in Mecklenburg County, within the Western District of North Carolina,

**MARTIN ALBERTO TORRES-GOMEZ**
**a/k/a "Francisco Hernandez Torres"**

did knowingly and intentionally distribute a quantity of methamphetamine, a Schedule II controlled substance.

1. Said offense involved at least 50 grams of "actual" methamphetamine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX

On or about January 18, 2023, in and around an apartment on Waterford Tide Loop in Charlotte, Mecklenburg County, within the Western District of North Carolina,

**MARTIN ALBERTO TORRES-GOMEZ**
a/k/a "Francisco Hernandez Torres"

did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance; and methamphetamine and fentanyl, both Schedule II controlled substances.

1. Said offense involved at least 100 grams of a mixture or substance containing a detectable amount of heroin. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

2. Said offense involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

3. Said offense involved at least 40 grams of a mixture or substance containing a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about January 18, 2023, in and around a storage facility on South Tryon Street in Charlotte, Mecklenburg County, within the Western District of North Carolina,

**MARTIN ALBERTO TORRES-GOMEZ**
a/k/a "Francisco Hernandez Torres"

did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance; and methamphetamine and fentanyl, both Schedule II controlled substances.

1. Said offense involved at least 1 kilogram of a mixture or substance containing a detectable amount of heroin. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

2. Said offense involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

3. Said offense involved at least 400 grams of a mixture or substance containing a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

In violation of Title 21, United States Code, Section 841(a)(1).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with Section 853:

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a) and (b).

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

THOMAS KENT
ASSISTANT UNITED STATES ATTORNEY

4